UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTIOCH LITIGATION TRUST,         Case No. 3:09-cv-218
W. TIMOTHY MILLER, TRUSTEE,

                                         Judge Timothy S. Black

       Plaintiff,

vs.

MCDERMOTT WILL & EMERY LLP,

       Defendant.

**ORDER GRANTING DEFENDANT MWE'S MOTION FOR JUDGMENT ON THE PLEADINGS RE CLAIMS FOR AIDING AND ABETTING (Doc. 52)**

This civil action is before the Court on Defendant McDermott Will & Emery's ("MWE") motion for judgment on the pleadings regarding Plaintiff's claim for aiding and abetting (Doc. 52), and the parties' responsive memoranda (Docs. 56, 57). Specifically, Defendant maintains that Plaintiff's allegation that it aided and abetted breaches of fiduciary duty by members of the Morgan family with respect to the 2003 ESOP transaction should be dismissed because Ohio does not recognize claims for aiding and abetting breaches of fiduciary duty.

**I.    BACKGROUND FACTS**

Plaintiff's first amended complaint purported to make a single claim for legal malpractice against MWE (Doc. 14), but the Court found that the complaint actually asserted six separate claims, each having its own independent legal analysis. (Doc. 22 at 8-9). One of the claims for relief that the Court recognized was that "MWE advised the

majority shareholders (the Morgans) in breaches of their fiduciary duties." *Id*. at 9, 23, 25. (*See also* Doc. 14 at ¶ 34, alleging that MWE "aided and abetted the Morgans' conflict of interest and facilitates the [2003] transaction."). In denying MWE's motion to dismiss as to this claim, the Court held that an issue "as to whether a fiduciary relationship exits is necessarily fact specific" and therefore a claim relating to "the existence of a fiduciary duty is usually not subject to dismissal under Rule 12(b)(6)." (Doc. 22 at 24).

## II. STANDARD OF REVIEW

"The standard of review applicable to motions for 'judgment on the pleadings' under Fed. R. Civ. Pro. 12(c) is the same *de novo* standard applicable to motions to dismiss under Rule 12(b)(6)." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. ANALYSIS

#### A. Plaintiff's Aiding and Abetting Claim

This Court recently held that a claim under Section 876 for aiding and abetting tortious conduct is not cognizable under Ohio law. *Antioch Co. Litig. Trust v. Morgan*,

3:10cv156, 2012 U.S. Dist. LEXIS 182997, at *9 (S.D. Ohio Dec. 31, 2012) (J. Black).[1]

Accordingly, the only issue left to resolve is whether Plaintiff has in fact asserted a cause of action for aiding and abetting.

Plaintiff argues that the Court should not construe its complaint as containing a claim for aiding and abetting. (Doc. 56 at 2). However, Plaintiff clearly alleged that MWE aided and abetted the alleged breaches of fiduciary duty by Lee Morgan and Asha Moran. (Doc. 14 at ¶ 34).[2] Additionally, in Plaintiff's memorandum in opposition to MWE's motion to dismiss, Plaintiff explicitly maintained that "[t]he Trust states a claim against MWE for aiding and abetting breaches of fiduciary duty by the Morgans." (Doc. 18 at ii). Moreover, this Court already determined that Plaintiff's First Amended Complaint asserted six separate claims for legal malpractice, a finding to which Plaintiff never objected. (Doc. 22 at 8-9). Accordingly, the Court finds that Plaintiff's argument, that "MWE confuses allegations with causes of action," is not well taken.

### B. Plaintiff's Failure to Advise Claim

Plaintiff also alleges that one of the ways in which MWE committed malpractice was its failure "to advise the Antioch Board, at any time prior to June 5, 2008, of its

---

[1] *See also Pharos Capital Partners v. Touche (In re Nat'l Century Fin. Enters.)*, Nos. 2:03md1565, 2:03cv362, 2012 U.S. Dist. LEXIS 154042, at *66-67 (S.D. Ohio Oct. 26, 2012); *DeVries Dairy v. White Eagle Coop. Ass'n*, 974 N.E.2d 1194 (Ohio 2012).

[2] "Rather than advise the Board members that they should not approve the transaction as structured, [MWE] aided and abetted the Morgans' conflict of interest and facilitated the transaction." (*Id.* at 19).

potential claims against its financial advisors, including Deloitte & Touche and Houlihan Lokey, for professional negligence in connection with the 2003 Transaction." (Doc. 14 at ¶ 50).

In the bankruptcy adversary proceeding, Plaintiff alleges that one of those very financial advisors, Houlihan Lokey, is liable for aiding and abetting breaches of fiduciary duty in connection with the ESOP transaction. (Doc. 14 at ¶ 41). This Court recently granted Houlihan's motion and dismissed Plaintiff's claim that Houlihan aided and abetted breaches of fiduciary duty with respect to the 2003 transaction because Ohio does not recognize such claims. *Antioch Co. Litig. Trust*, 2012 U.S. Dist. LEXIS 182997 at 9. Accordingly, this Court must also dismiss Plaintiff's claim that MWE should have advised Antioch to bring such claim against Houlihan (or Deloitte). If Plaintiff cannot succeed on its claim against Houlihan because the claim does not exist in Ohio, then Plaintiff cannot contend that MWE erred by not advising Antioch to bring a claim with no basis in law.

### III.   CONCLUSION

Therefore, for the reasons stated here, Defendant's motion for judgment on the pleadings (Doc. 52) is **GRANTED** and Plaintiff's malpractice claims for: (1) aiding and abetting breaches of fiduciary duty; and (2) failure to advise Antioch to sue its financial advisors are **DISMISSED**.

**IT IS SO ORDERED.**

Date:  January 4, 2013                                       *s/ Timothy S. Black*
                                                                          Timothy S. Black
                                                                          United States District Judge