IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
WESTERN DIVISION (AT DAYTON)

| | | |
|---|---|---|
| ANTIOCH LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | : : : | CASE NO. 09-CV-218 |
| | : | (Judge Timothy S. Black) |
| Plaintiff, | : : | |
| v. | : : | **MOTION OF DEFENDANT MCDERMOTT WILL & EMERY** |
| MCDERMOTT WILL & EMERY LLP, | : : | **LLP TO EXCLUDE UNTIMELY ADDITIONAL OPINION OF** |
| Defendant. | : : : : | **PLAINTIFF'S EXPERT DAVE G. BORDEN UNDER FED. R. CIV. P. 26(a)(2)** |

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1); this Court's November 18, 2013 Amended Calendar Order (Doc. No. 81); and this Court's General Order No. 12-01 for cases filed in Dayton, Defendant McDermott Will & Emery LLP moves for an order excluding any testimony by Plaintiff's damages expert Dave G. Borden regarding a damages calculation that was presented to Defendant's counsel on the day of Mr. Borden's deposition, well after the deadline for disclosure of his opinions under this Court's calendar order. The rules and orders cited above preclude such a tactic and require that any testimony regarding the late-disclosed opinion be excluded.

Respectfully submitted,

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Jeffrey S. Sharkey (0067892)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

Attorneys for Defendant
McDermott Will & Emery LLP

# MEMORANDUM IN SUPPORT OF MOTION DEFENDANT MCDERMOTT WILL & EMERY LLP TO EXCLUDE UNTIMELY ADDITIONAL OPINION OF PLAINTIFF'S EXPERT DAVE G. BORDEN UNDER FED. R. CIV. P. 26(a)(2)

Plaintiff's expert on damages, Dave G. Borden, provided an expert report that claimed $36 million in damages on March 14, 2014 (the deadline set by the Court). He then later presented Defendant MWE with a new, $85 million damages calculation, not on the eve of his deposition, but <u>on the actual day of his deposition</u>. The new $85 million calculation was provided well after the March 14, 2014 date set in this Court's Scheduling Order for Plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2). There was no reason, such as new facts, why this calculation could not have been provided earlier and in compliance with Rule 26(a)(2). The calculation should therefore be excluded; otherwise, the deadlines that this Court sets for disclosure will merely be aspirational.

The background facts needed to decide this motion are set forth in the excerpts of the deposition of Dave G. Borden ("Borden Depo."), attached as Exhibit 1. In brief, the deposition of Plaintiff's expert Mr. Borden took place on May 22, 2014. This Court's Order required Plaintiff's expert reports on the claims relating to the 2003 tender offer transaction to be provided by March 14, 2014. On the day of the deposition, Plaintiff's counsel presented MWE's counsel with a new, $85 million damages calculation regarding the 2003 transaction that had been prepared the previous night:

> "A. Again, I would -- in preparation for the deposition, I have looked at a rescission remedy calculation that looks at an assumption -- and this would deal only with the Morgan interest.
>
> * * *
>
> So there's an effect looking at what would the ESOP redemptions have been under a status quo assumption, and alternatively, what

were they. Okay. And that has an impact that relates both to price and timing.

Q. None of that is in your expert report, right?

A. The repurchase liability discussion obviously is covered in the report and the amounts are covered in the report. The damage calculation itself is not.

Q. Is that something that you've shown up with today?

MS. ANDREW: Yes.

* * *

(Thereupon, Defendants' Exhibit 842, rescission remedy prepared by David Borden, was marked for purposes of identification.)

BY MR. SHARKEY:

Q. This is something that I'm seeing for the first time, correct?

A. That is correct.

Q. How long ago did you prepare this?

A. I finished it last night.

Q. At the bottom you said TAC damages under rescission remedy?

A. Correct.

Q. Is that an eighty-five thousand or an eighty-five million dollar figure?

A. Million.

Q. And you would intend at trial to sponsor this calculation that you've provided to me just now?

A. I do if I'm asked.

* * *

A. It's a damages calculation that looks at what the damages were to The Antioch Company in the event of rescission of the transaction, and it addresses only the amounts that were paid to the Morgan interests."

Borden Depo., pp. 12-14, 270 (emphasis added).

As the cited testimony shows, this calculation was not a revision or tweaking of the calculation in Mr. Borden's expert report, but rather a calculation based on an entirely different theory of recovery. In his March 14, 2004 report, Mr. Borden calculated that, in the 2003 ESOP tender offer, The Antioch Company overpaid shareholders by over $36 million when it purchased back shares of the company as part of the plan to make the company 100% ESOP-owned. Borden March 14, 2014 Report, p. 50 (excerpt attached as 2). In his new calculation, Mr. Borden presents not an overpayment calculation but rather what he calls a "rescission remedy," valued at approximately $85 million. Exhibit 842 to Borden Depo. (copy attached as Exhibit 3), Borden Depo., pp. 12, 271.

Exhibit 842, calculating the amount of the "rescission remedy," was not attached to or discussed in Mr. Borden's report. It is therefore untimely and must be excluded. Rule 26(a)(2) requires that an outside expert's report include "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2)(B)(i). (Emphasis added). General Order No. 12-01 for cases filed in the Dayton location of this Court is quite clear that the testimony is precluded. "Expert witnesses who are not timely identified or who do not furnish timely and complete reports or disclosures will not be permitted to testify. Neither will experts be permitted to testify to opinions or other matter not disclosed in their reports." General Order No. 12-01, p. 6, ¶ 5 (emphasis added).

Further, district courts have excluded expert opinions that were not disclosed in a timely fashion under Rule 26(a)(2), and they have been upheld by the Sixth Circuit. Pluck v. BP Oil Pipeline Co., 640 F.3d 671, 681 (6th Cir. 2011) (affirming the district court's order to strike

3

the expert's supplemental declaration because the "supplemental declaration served as an untimely attempt to introduce a new causation methodology" well after the point at which it would be proper); Matilla v. S. Ky. Rural Elec. Coop. Corp., 240 Fed. App'x 35, 43 (6th Cir. 2007); Bowe v. Consol. Rail Corp., No. 99-4091, 2000 U.S. App. LEXIS 24866, at 11-12 (6th Cir. Sept. 19, 2000) (affirming the exclusion of plaintiff's expert report, where the report was untimely and included a new theory of liability not previously disclosed to defendant). Accord: Cooley v. Lincoln Elec. Co., 693 F. Supp. 2d 767, 776 (N.D. Ohio 2010) (granting plaintiffs' motion to exclude expert's untimely opinions made during deposition because the opinions were new and had not been included in the experts' written reports); Ullman v. Auto-Owners Mut. Ins. Co., No. 2:05-cv-1000, 2007 U.S. Dist. LEXIS 25590, at *8-9, *16-17 (S.D. Ohio Apr. 5, 2007) (excluding expert's report and testimony where plaintiff engaged in "strategic gamesmanship by producing an untimely expert report" that essentially presented a new opinion); Haynes v. City of Circleville, No. 2:03-cv-1146, 2005 U.S. Dist. LEXIS 35928, at *9 (S.D. Ohio Dec. 1, 2005) (excluding expert report and testimony where plaintiff, without good cause, filed the report after the deadline); Minebea Co. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005) ("[Rule 26] . . . prevents experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony.").

Matilla, especially, seems on point with the operative facts in this situation. In Matilla, a personal injury case, the plaintiff timely served the report of her liability expert. However, during the expert's deposition, the expert provided for the first time opinion testimony regarding a different theory of liability, at which he had arrived on "an additional visit to the scene of the accident on the morning of his deposition" (although the conditions were the same

and nothing in the area had been unobservable on his first visit). 240 Fed. App'x at 38, 43. He testified that his second visit to the subject property, during which he made "'closer observations,' ... revealed a second hazardous condition[,]" which resulted in a new theory of liability. Id. The Sixth Circuit upheld the district court's order under Fed. R. Civ. P. 37(c)(1)[1] excluding the untimely opinion of plaintiff's expert, holding that the second opinion – based on facts in existence at the time of his original report yet not offered until the day of his deposition – was submitted well outside the due date for disclosure of opinions. Id. at 43.

The Sixth Circuit in Matilla acted within well-established precedent under Rule 37(c)(1), which mandates that a trial court shall sanction a party for a failure to disclose as required by Rule 26 unless the violations were harmless or were substantially justified. Bowe, 2000 U.S. App. LEXIS 24866, at *6-7. Accord: Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6, 742 (7th Cir.1998) (holding that Rule 37(c)(1) "'puts teeth'" into Rule 26 and that "the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying" since "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"); Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996) (same); Ames v. Van Dyne, No. 95-3376, 1996 U.S. App. LEXIS 29700, at *13 (6th Cir. Nov. 13, 1996) ("'Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" (quoting Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir.1995))); King v. Ford Motor Co., 209 F.3d 886, 900-01 (6th Cir.) (affirming district

---

[1] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

court's exclusion of late-disclosed expert testimony under Rule 37(c)(1)), cert. denied, 531 U.S. 960, 121 S. Ct. 386 (2000).

Here, the failure to disclose was not "substantially justified" for purposes of Rule 37(c)(1). There was no additional factual discovery after March 14, 2014 needed to arrive at the new damages calculation. All of the facts on which it is based were in the record already.

Nor was the late disclosure "harmless." Parties are entitled to rely on, and prepare their case, based on the expert reports served by the opposing party. Under these circumstances, to permit Mr. Borden to testify to the new opinion would be removing any constraint on parties supplementing or amending reports with new theories and opinions. Any deadline for an expert report in this Court's scheduling orders would be meaningless. Mr. Borden's testimony regarding the damages calculation produced on May 22, 2014 should be excluded.

Respectfully submitted,

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Jeffrey S. Sharkey (0067892)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

Attorneys for Defendant
McDermott Will & Emery LLP

# CERTIFICATE OF SERVICE

I certify that on the 4th day of June, 2014, I electronically filed the foregoing Motion of Defendant McDermott Will & Emery LLP to Exclude Untimely Additional Opinion of Plaintiff's Expert Dave G. Borden Under Fed. R. Civ. P. 26(a)(2) with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

    Marcia Voorhis Andrew
    TAFT STETTINIUS & HOLLISTER LLP
    425 Walnut Street
    Suite 1800
    Cincinnati, OH 45202-3957

    Attorneys for Plaintiff
    Antioch Litigation Trust

    /s/ Donald E. Burton
    Donald E. Burton

847946.2