IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
WESTERN DIVISION (AT DAYTON)

| | | |
|---|---|---|
| ANTIOCH LITIGATION TRUST, <br> W. TIMOTHY MILLER, TRUSTEE, | : | CASE NO. 3:09-CV-00218 |
| | : | (Judge Timothy S. Black) |
| Plaintiff, | : | |
| v. | : | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON "CLAIM 2"** |
| MCDERMOTT WILL & EMERY LLP, | : | |
| Defendant. | : | |
| | : | |

Pursuant to Fed. R. Civ. P. 56(a), Defendant McDermott Will & Emery LLP ("MWE") moves for summary judgment on Plaintiff's claims that MWE committed legal malpractice by not advising (1) The Antioch Company ("Antioch") post-transaction about the consequences of the 2003 ESOP tender offer transaction, and (2) Antioch's board of directors as to conflicts of certain directors and the board's duties in light of those conflicts. This Court identified those claims collectively as "Claim 2" in the Oct. 28, 2013 Order Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration of the Order Granting Defendant's Motion for Partial Summary Judgment (Doc. 70) (Doc. No. 78).

This Court should enter summary judgment in favor of MWE on Claim 2 because Plaintiff has failed to disclose any expert who would testify that MWE breached the applicable standard of care as to those allegations, and that Antioch was injured as a result. Expert testimony is required to establish breach of the standard of care in legal malpractice actions. Montgomery v. Gooding, Huffman, Kelly & Becker, 163 F. Supp. 2d. 831, 835 (N.D. Ohio

2001). Likewise, this Court has precluded Plaintiff from establishing injury without expert testimony based on principles of estoppel and fundamental fairness. Order Granting the Morgan Defendants' Motion to Exclude Plaintiff's Expert Report Regarding Damages (Doc. 213), The Antioch Co. Litig. Trust v. Morgan, No. 3:10-cv-156 (S.D. Ohio Apr. 7, 2014) (Bankr. Doc. No. 300).

Here, it appears that Plaintiff has simply elected not to pursue Claim 2 – Plaintiff has not submitted expert testimony on either the standard of care or injury related to Claim 2. Without expert testimony to support those essential elements of Claim 2, MWE is entitled to judgment as a matter of law. Info-Hold, Inc. v. Muzak LLC, 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *4 (S.D. Ohio Aug. 20, 2013) (Black, J.) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986)).

Respectfully submitted,

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Jeffrey S. Sharkey (0067892)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
Email:  cfaruki@ficlaw.com

Attorneys for Defendant
McDermott Will & Emery LLP

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON "CLAIM 2"**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY..................................................................1

II. BACKGROUND ..................................................................................................2

III. STANDARD OF REVIEW...................................................................................4

IV. PLAINTIFF CANNOT ESTABLISH CLAIM 2 BECAUSE PLAINTIFF HAS FAILED TO DISCLOSE ANY EXPERT WITNESS WHO WOULD TESTIFY THAT MWE BREACHED THE APPLICABLE STANDARD OF CARE AS TO THAT CLAIM....................................................................................................5

V. PLAINTIFF CANNOT ESTABLISH CLAIM 2 BECAUSE PLAINTIFF HAS FAILED TO DISCLOSE ANY EXPERT WITNESS WHO WOULD TESTIFY THAT ANTIOCH WAS INJURED AS TO THE ALLEGATIONS OF CLAIM 2 ...........7

VI. CONCLUSION ...................................................................................................10

I.         **INTRODUCTION AND SUMMARY**

In this legal malpractice action, Plaintiff has failed to disclose any expert witness who would testify that Defendant McDermott Will & Emery LLP ("MWE") either (a) breached the applicable standard of care, or (b) caused injury to The Antioch Company ("Antioch"), as to the claims that this Court has identified as "Claim 2." Oct. 28, 2013 Order Granting in Part and Denying in Part Plaintiff's Motion for Reconsideration of the Order Granting Defendant's Motion for Partial Summary Judgment (Doc. 70) ("Reconsideration Order") (Doc. No. 78), pp. 1842-44.[1] It appears that Plaintiff has simply elected not to pursue Claim 2. Consequently, this Court must enter summary judgment in favor of MWE on that claim.

It is well-settled that a jury cannot determine whether a lawyer's conduct fell below the applicable standard of care and that a legal malpractice claim, therefore, requires expert testimony. Montgomery v. Gooding, Huffman, Kelly & Becker, 163 F. Supp. 2d. 831, 835 (N.D. Ohio 2001).

In addition, based on principles of estoppel and fundamental fairness, this Court has already precluded Plaintiff from proving injury without expert testimony, given (1) Plaintiff's failure to provide a calculation of damages in its initial disclosures under Fed. R. Civ. P. 26(a) and (2) Plaintiff's position during fact discovery that expert testimony would be necessary to calculate damages. Order Granting the Morgan Defendants' Motion to Exclude Plaintiff's Expert Report Regarding Damages (Doc. 213) ("April 7 Bankr. Order"), The Antioch Co. Litig. Trust v. Morgan, No. 3:10-cv-156 (S.D. Ohio Apr. 7, 2014) (Bankr. Doc. No. 300).

---

[1] For prior filings, all page references are to the page identification number (PageID). General Order No. Day 12-01, p. 12. In addition, all references to documents filed in this case are designated as ("Doc. No."), and all references to documents filed in Antioch Co. Litig. Trust v. Morgan, No. 3:10-cv-156 (S.D. Ohio) ("Bankruptcy Case") are designated as ("Bankr. Doc. No.").

The deadline for Plaintiff to provide MWE with expert disclosures has passed. Dec. 4, 2013 Amended Calendar Order (Doc. 83), p. 1880 (setting March 14, 2014 as the deadline for Plaintiff's expert reports). Thus, Plaintiff is unable to establish essential elements of its claims, and MWE is entitled to judgment as a matter of law on Claim 2. Info-Hold, Inc. v. Muzak LLC, No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *4 (S.D. Ohio Aug. 20, 2013) (Black, J.) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986)).

## II.     BACKGROUND

Although Plaintiff asserted one claim for legal malpractice in the First Amended Complaint, this Court found that Plaintiff's lengthy allegations were "unmanageable as one single claim." Oct. 28, 2013 Order (Doc. No. 77), p. 1830. As a result, over the course of this litigation, the Court has identified seven separate claims against MWE. The Court described the first six claims in its Aug. 27, 2010 Order that Defendant's Motion to Dismiss (Doc. 16) be Denied (Doc. No. 22) ("Order on Motion to Dismiss"):

> "(1) MWE failed to advise Antioch to obtain a fairness opinion for the [2003] Tender Offer and to avoid corporate waste (Doc. 14 at ¶¶ 33-35, 67); (2) MWE failed to advise Antioch about the legality and consequences of the Tender Offer under ERISA, tax laws, and Ohio corporate law (Id. at ¶¶ 32-33, 37-38, 71); (3) MWE failed to provide legal advice to Antioch's individual directors (Id. at ¶¶ 35, 38, 67); (4) MWE aided the majority shareholders (the Morgans) in breaches of their fiduciary duties (Id. at ¶¶ 34-71); (5) MWE failed to advise Antioch about potential causes of action that Antioch had against its Board of Directors and its independent financial advisors (Id. at ¶¶ 49-51, 71); and (6) MWE failed to stop one of Antioch's shareholders from attempting to find an entity to buy Antioch (Id. at ¶¶ 54, 56, 67-68)."

2

Order on Motion to Dismiss, pp. 796-97. Later, the Court identified a "seventh claim" that MWE breached the standard of care by allegedly "failing to properly advise the Antioch Board of Directors with respect to the insolvency of Condor . . . ." Oct. 28, 2013 Order (Doc. No. 77), p. 1828. However, the Court further found that the seventh claim failed as a matter of law "but for the discrete claim" that MWE committed legal malpractice by not advising Antioch to disclose the insolvency of Condor to ESOP participants and noteholders in 2008. Id. at 1836.

During motion practice, the Court entered summary judgment on Plaintiff's claims relating to the 2003 transaction by which Antioch became owned solely by its Employee Stock Ownership Plan, including what was previously identified as "Claim 2." Apr. 1, 2013 Order Granting Defendant McDermott Will & Emery LLP's Motion for Partial Summary Judgment (Doc. 59) (Doc. No. 66), p. 1546. However, the Court later issued its Reconsideration Order, allowing Plaintiff to pursue allegations that (1) "MWE failed to advise Antioch (post-transaction) about the consequences of the Tender Offer", and (2) "MWE's failure to properly advise [Antioch's board of directors] as to conflicts of certain directors and the duties of the Board in the face of those conflicts, was a recurring breach of its duty to the Company across all relevant periods." Reconsideration Order, Doc. No. 78, p. 1843 (internal quotation marks omitted). The Court referred those allegations collectively as "Claim 2." Although Plaintiff was granted additional time to disclose expert witnesses following this Court's Reconsideration Order, Plaintiff has not disclosed any expert to support those allegations.

Thus, the Court cannot know (a) what advice Plaintiff claims that MWE should have given to Antioch or (b) how Antioch was injured by the alleged failure of MWE to give that advice. For example, as to the first prong of Claim 2, the Court cannot know:

3

1. What were the post-transaction consequences of the 2003 ESOP tender offer transaction?

2. What advice should MWE have given?

3. How was Antioch injured from the alleged failure of MWE to give that advice?

4. How are damages to be calculated?

As to the second prong of Claim 2, the Court cannot know:

1. Which directors had conflicts?

2. Which transactions are at issue?

3. What advice should MWE have given?

4. How was Antioch injured by the alleged failure of MWE to give that advice?

5. How are damages to be calculated?

This information should have been provided, and was not. Summary judgment, therefore, should be granted.

**III.    STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(c), a motion for summary judgment should be granted when the movant demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Info-Hold, Inc. Muzak LLC, 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *4 (S.D. Ohio Aug. 20, 2003) (Black, J.) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10)).

"As a basis for summary judgment, a moving party can point to a lack of evidence to support the facts its opponent must prove to carry its burden of proof." Info-Hold, 2013 U.S.

4

Dist. LEXIS 117953, *4-5 (citing Celotex, 477 U.S. at 325, 106 S. Ct. at 2554). "'The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case.'" Tompkins v. Crown Corr, Inc., 726 F.3d 830, 837 (6th Cir. 2013) (quoting Hartsel v. Keys, 87 F.3d 795, 799 (6th Cir. 1996), cert. denied, 519 U.S. 1055, 117 S. Ct. 683 (1997)).

| IV. | PLAINTIFF CANNOT ESTABLISH CLAIM 2 BECAUSE PLAINTIFF HAS FAILED TO DISCLOSE ANY EXPERT WITNESS WHO WOULD TESTIFY THAT MWE BREACHED THE APPLICABLE STANDARD OF CARE AS TO THAT CLAIM |
|---|---|

"As a general rule . . . expert testimony is required to establish the attorney's standard of care in a particular case." Montgomery v. Gooding, Huffman, Kelly & Becker, 163 F. Supp. 2d 831, 835 (N.D. Ohio 2001). A plaintiff in a legal malpractice action must present expert evidence to establish an attorney's breach of his or her duty of care so long as the breach is not "'so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen.'" Id. (quoting Bloom v. Dieckmann, 464 N.E.2d 187, 188 (Ohio Ct. App. Hamilton Cty. 1983)); Kreuzer v. Merritt, No. 18442, 2000 Ohio App. LEXIS 5070, at *6-7 (Ohio Ct. App. Montgomery Cty. Nov. 3, 2000).

In Montgomery, the plaintiff filed a legal malpractice action alleging that the defendant had negligently prepared a property purchase agreement and mishandled litigation involving that agreement. 163 F. Supp. 2d at 834. Although the plaintiff's expert witness said that the defendant had negligently drafted the purchase agreement, the expert did not provide any opinion as to whether the defendant had mishandled the related litigation. Id. at 836. As the plaintiff failed to provide the required expert testimony within the expert disclosure period of Fed. R. Civ. P. 26(a), the court granted summary judgment for the defendant as to the alleged

mishandling of the litigation concerning the purchase agreement. Id. Accord: Werts v. Penn, 842 N.E.2d 1102, 1112 (Ohio Ct. App. Montgomery Cty. 2005) (error in finding that an attorney breached the standard of care absent expert testimony as to the applicable standard of care); Brown v. Morganstern, No. 2002-T-0164, 2004 Ohio App. LEXIS 2571, at *22 (Ohio Ct. App. Trumbull Cty. June 4, 2004) (affirming grant of summary judgment on a legal malpractice claim after the plaintiff failed to present expert testimony as to the applicable standard of care).

Similarly, this Court recently granted summary judgment in a patent infringement suit on the issue of a reasonable royalty after finding that the plaintiff's expert report on that issue failed to comply with Fed. R. Civ. P. 26(a)(2)(B), and that the expert's opinion did not satisfy Fed. R. Evid. 702 and 703. Info-Hold, Inc. v. Muzak LLC, 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *12-14 (S.D. Ohio Aug. 20, 2013) (Black, J.). This Court found that none of the remaining witnesses were qualified to testify as to a reasonably royalty, and that the plaintiff had failed to identify any evidence that would allow a jury to award such damages. Id. at *16-17.

The Court should follow Info-Hold in this case. The time for Plaintiff's disclosure of expert witnesses has passed, and Plaintiff has not identified any expert witness who would opine that MWE breached the applicable standard of care by not advising (1) Antioch post-transaction about the consequences of the 2003 ESOP tender offer transaction, and (2) Antioch's board of directors as to conflicts of certain directors and the board's duties in light of those conflicts. Claim 2 thus cannot survive summary judgment.

V.     **PLAINTIFF CANNOT ESTABLISH CLAIM 2 BECAUSE PLAINTIFF HAS FAILED TO DISCLOSE ANY EXPERT WITNESS WHO WOULD TESTIFY THAT ANTIOCH WAS INJURED AS TO THE ALLEGATIONS OF CLAIM 2**

Plaintiff is also precluded from proving damages without expert testimony in this case given (1) its failure to provide a calculation of damages in its initial disclosures under Fed. R. Civ. P. 26(a) and (2) its position during fact discovery that expert testimony is needed to calculate damages. Indeed, for the same reasons, this Court recently reached the same result in the Bankruptcy Case based on principles of fundamental fairness and estoppel. April 7 Bankr. Order (Bankr. Doc. No. 300).

In this action, Plaintiff has identified five categories of damages. The first four were alleged in the First Amended Complaint:

> "(1) the difference between the consideration paid to the selling shareholders in 2003 for their shares of Antioch stock and the actual fair market value of those shares; (2) interest, fees and other charges on debt incurred by Antioch in order to finance the 2003 stock purchases and subsequent repurchase obligations in connection with departing employees; (3) fees and expenses paid to restructuring professionals as a result of the deepening insolvency of Antioch; and (4) damages that could have been recovered from Antioch's directors and independent professional firms if Antioch had been advised to assert its claims in a timely manner."

First Amended Complaint (Doc. No. 14), pp. 460-61. The fifth – "the loss in enterprise value that resulted from the ESOP transaction and the sale process" – was alleged in Plaintiff's Rule 26(a)(1) Initial Disclosures, Doc. No. 105-5, p. 3146. None of those five categories are relevant to the allegations of Claim 2. Regardless, Plaintiff did not include a computation of its damages in its initial disclosures and has never provided any computation of damages as required

7

by Rule 26(a)(1)(A)(iii) (a claiming party must provide, "without awaiting a discovery request . . . a computation of each category of damages claimed").

Moreover, Plaintiff's Rule 30(b)(6) representative, Timothy Miller, was deposed on the last day of fact discovery and did not provide any substantive testimony on the issue of damages.[2] Indeed, during the deposition, Miller repeatedly deflected damages questions to a soon-to-be-identified expert witness.

> "A. <u>In connection with the damages and the damages calculations,</u> I think the Trust's view is that is something that is properly the province of expert testimony, and that is something that we would – <u>the Trust would anticipate having an expert testify</u> with respect to.
>
> So at this juncture, where we are in the case, having not yet engaged or gone forward with expert testimony – or, you know, identifying testifying experts and that sort of stuff, I think our answer is with respect to the damages very much remain what we've placed in this interrogatory, that these are the various categories of damages and that, you know, <u>through the use of a testifying expert, we would expect to put specific dollar amounts on that</u>."

Dec. 17, 2012 Deposition of W. Timothy Miller Bankr., Doc. No. 88, p. 3564 (p. 81) (emphasis added).

In the Bankruptcy Case, this Court found that "the factual record closed with Plaintiff providing no information about its claimed damages." April 7 Bankr. Order, Bankr. Doc. No. 300, p. 29044. Given this finding, the Court held, "based on the principals of estoppel and fundamental fairness, Plaintiff is precluded from proving damages without an expert." <u>Id.</u> at

---

[2] As this Court is aware, discovery in this case was consolidated with discovery in the Bankruptcy Case because "the cases involve the same facts and circumstances, share a common Plaintiff, the same witnesses will be deposed by the common Plaintiff on common issues and transactions in both cases, and non-deposition discovery is generally overlapping." Aug. 12, 2011 Order Granting Motions to Coordinate Discovery, Doc. No. 39, p. 1054.

8

29045. Further, this Court found that if calculating damages was a matter of simple arithmetic and based on facts in the record, then Miller should have provided a calculation of damages at the Rule 30(b)(6) deposition. Id. at 29044-45. Accord: Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp., 596 F.3d 357, 366-70 (6th Cir. 2010) (affirming district court's exclusion of evidence concerning damages based on plaintiff's failure to provide sufficient information in initial disclosures and during discovery).

Without expert testimony to establish Plaintiff's alleged damages, this Court granted summary judgment to the Defendants on Plaintiff's claims regarding the 2007-2008 sales process and the Levimo transaction. April 7 Bankr. Order, Bankr. Doc. No. 300, pp. 29045-47.

The same principles apply here. Based on principles of fundamental fairness and estoppel, Plaintiff's failure to provide a calculation of damages in its initial disclosures, along with Plaintiff's position during fact discovery that expert testimony is necessary to calculate damages, preclude Plaintiff from establishing damages at trial without expert testimony. Id. at 29045. Thus, MWE is entitled to judgment as a matter of law on Claim 2 for that reason as well. Id. at 29045-46; Info-Hold Inc. v. Muzak LLC, No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *16-17 (S.D. Ohio 2013) (Black, J.).

Moreover, as MWE has previously demonstrated, Ohio law requires plaintiffs to establish injury with expert testimony in complex legal malpractice actions. Aug. 21, 2014 Defendant's Motion for Summary Judgment Due to Lack of Damages on Claims Related to 2003 ESOP Transaction, Doc. No. 127, pp. 4995-99 (Doc. No. 127) (citing Van Sommeren v. Gibson, 991 N.E.2d 1199, 1206, 1208 (Ohio Ct. App. Lucas Cty. 2013); Wayside Body Shop, Inc. v. Slaton, No. 25219, 2013 Ohio App. LEXIS 447, at *29-31 (Ohio Ct. App. Montgomery Cty.

9

Feb. 15, 2013); Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo, No. 01AP-1137, 2003 Ohio App. LEXIS 1543, at *19 (Ohio Ct. App. Franklin Cty. Mar. 31, 2003)); May 7, 2014 Defendant's Motion for Summary Judgment on 2007-2008 Claims Supported by the Opinion Testimony of Barbara Wagner, Doc. No. 85 pp. 2032-40.

As demonstrated above, Plaintiff has not identified the advice Plaintiff claims that MWE allegedly should have given under Claim 2. Nevertheless, this case is complex, and Plaintiff's failure to provide expert testimony on damages for Claim 2 entitles MWE to judgment as a matter of law on that claim. Info-Hold, 2013 U.S. Dist. LEXIS 117953, at *16-17.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Summary Judgment on "Claim 2."

Respectfully submitted,

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Jeffrey S. Sharkey (0067892)
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

Attorneys for Defendant
McDermott Will & Emery LLP

10

## CERTIFICATE OF SERVICE

I certify that on the 4th day of September, 2010, I electronically filed the foregoing Defendant's Motion for Summary Judgment on "Claim 2" with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

>Thomas R. Schuck
>Marcia Voorhis Andrew
>TAFT STETTINIUS & HOLLISTER LLP
>425 Walnut Street, Suite 1800
>Cincinnati, OH 45202-3957
>
>Attorneys for Plaintiff
>Antioch Litigation Trust

>/s/ Jeffrey S. Sharkey
>Jeffrey S. Sharkey

871927.1