IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTIOCH LITIGATION TRUST, <br> W. TIMOTHY MILLER, TRUSTEE, | : <br> : <br> : | CASE NO. 09-CV-218 <br><br> (Judge Timothy S. Black) |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| MCDERMOTT WILL & EMERY LLP, | : <br> : | |
| Defendant. | : <br> : <br> : | |
| ANTIOCH LITIGATION TRUST, <br> W. TIMOTHY MILLER, TRUSTEE, | : <br> : <br> : | Civil Action No. 10-CV-156 <br><br> (Judge Timothy S. Black) |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| LEE MORGAN, et al., | : <br> : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE TO MOTION TO CERTIFY QUESTION**

Plaintiff filed a motion on September 19, 2014 with the Sixth Circuit Court of Appeals seeking the same relief—certification of the question of adverse domination to the Ohio Supreme Court—sought by the motion it filed in this Court this morning (the "Motion").[1] This Court should defer to the Sixth Circuit because the relief was sought first there, the issue will shortly be fully briefed (Defendants opposed the motion on October 2, 2014, and Plaintiff's reply brief is due today), and doing so allows a decision from the appellate court in the immediate future

---

[1] *See The Antioch Co. Lit. Trust, W. Timothy Miller, Trustee v. Lee Morgan, et al.*, case number 14-3790 (Docs. 24, 27).

regarding this purely legal question which will ultimately advance these matters to conclusion. Allowing the Sixth Circuit to rule also eliminates any forum-shopping concerns and allows the issue to be decided in a case where the legal issue is appropriately contested. Deferring to the Sixth Circuit advances judicial economy so as not to have this Court consider an issue at the same time as the appellate court and avoids the potential for inconsistent results.

Aside from the procedural issue set out above, the Motion does not meet the applicable standard for certification under binding precedent from the Sixth Circuit. Defendants recently briefed this issue in depth in the Sixth Circuit on Plaintiff's identical motion filed in that Court. Rather repeat those arguments at length here, we attach and incorporate by reference our Sixth Circuit brief.

Defendants are filing this response shortly after Plaintiff filed its motion to alert the Court to the proceedings in the Sixth Circuit. Defendants are able to file a more substantive opposition memorandum in this Court if the Court would find it useful. And Defendants are available for a conference if it would benefit the Court.

Based on the foregoing, Defendants Lee Morgan and Asha Moran request that this Court deny Plaintiff's Motion.

    Respectfully submitted,

    /s/ Michael L. Scheier
    Michael L. Scheier (0055512)
    Brian P. Muething (0076315)
    Danielle M. D'Addesa (0076513)
    Anthony M. Verticchio (0084645)
    Keating Muething & Klekamp PLL
    One East Fourth Street
    Suite 1400
    Cincinnati, Ohio 45202
    Phone: (513) 579-6952
    Fax: (513) 579-6457
    mscheier@kmklaw.com

                                            bmuething@kmklaw.com
                                            ddaddesa@kmklaw.com
                                            tverticchio@kmklaw.com
*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing was filed in the court's CM/ECF system on October 13, 2014 and that this system will serve counsel of record.

                                        /s/ Michael L. Scheier
                                        Michael L. Scheier