IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| ANTIOCH LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | : | CASE NO. 3:09-CV-00218 |
| | : | (Judge Timothy S. Black) |
| Plaintiff, | : | |
| v. | : | **NOTICE OF DEFENDANT MCDERMOTT WILL & EMERY LLP REGARDING SUGGESTED SEQUENCE FOR DECIDING PENDING MOTIONS** |
| MCDERMOTT WILL & EMERY LLP, | : | |
| | : | |
| Defendant. | | |

_____

At least one pending motion of MWE, and in some instances several motions, applies to each of Plaintiff's four remaining claims.  Given the number of motions and claims, MWE files this notice to assist the Court by identifying which of MWE's pending motions relates to which of Plaintiff's pending claims, and to suggest that the Court decide the pending motions in the following order.

**I.      CLAIM 5 – 2003 TRANSACTION**

Claim 5 asserts that MWE committed malpractice by failing to advise Antioch to sue its Directors before the statute of limitations on Antioch's claims against those Directors expired.  Doc. No. 22, pp. 797, 814-15.[1]  The following motions relate to that claim.

**A.     Liability:**  MWE filed a motion for summary judgment that showed that Claim 5 should be dismissed because: (1) all of Antioch's shareholders consented to the transaction; (2) the disinterested Directors approved the transaction; and (3) MWE had no reason

---

[1] Citations to the Court's electronic PageID number are in the form "p.___."

to know that the price was unfair. MWE's Motion is Doc. No. 117; Plaintiff's Opposition is Doc. No. 145; MWE's Reply is Doc. No. 156.

    **B.**  **Proximate Cause**:  MWE filed a motion for summary judgment that showed that Claim 5 should be dismissed because: (1) Antioch paid less for its shares than Plaintiff's expert claims they were worth; (2) Plaintiff has no evidence that the Directors would have sued themselves; and (3) Plaintiff has no evidence that a judgment against the Directors would have been collectable. MWE's Motion is Doc. No. 133; Plaintiff's Opposition is Doc. No. 153; MWE's Reply is Doc. No. 157.

    **C.**  **No Standard of Care Expert**:  MWE filed a motion for summary judgment that showed that Claim 5 should be dismissed because the testimony of Greg Gehlmann, Plaintiff's standard of care expert, was not admissible. MWE's Motion is Doc. No. 129; Plaintiff's Opposition is Doc. No. 147; MWE's Reply is Doc. No. 158. MWE's motion for summary judgment is supported by its motion to exclude Gehlmann's testimony, Doc. No. 128; Plaintiff filed a consolidated opposition to MWE's motion to exclude and motion for summary judgment, and MWE filed a consolidated reply; the docket numbers listed above thus relate to this motion as well.

    **D.**  **No Damages Expert**:  MWE filed a motion for summary judgment that showed that Claim 5 should be dismissed because the testimony of Dave Borden, Plaintiff's damages expert, should be excluded. MWE's Motion is Doc. No. 127; Plaintiff's Opposition is Doc. No. 151; MWE's Reply is Doc. No. 160. MWE's Motion for summary judgment is supported by its motion to exclude Borden's testimony, Doc. No. 125; Plaintiff's Opposition is Doc. No. 150; MWE's Reply is Doc. No. 159.

      **E.** **Late-Provided Damages Calculation:**  MWE moved to exclude a damages calculation from Borden because that calculation was provided two months after the deadline.  MWE's Motion is Doc. No. 91; Plaintiff's Opposition is Doc. No. 103; MWE's Reply is Doc. No. 114.

**II.** **CLAIM 6 -- 2007-2008 SALES PROCESS**

    Claim 6 asserts that MWE committed malpractice associated with a 2007-2008 process through which Antioch attempted to sell its assets before it declared bankruptcy.  Doc. No. 22, pp. 797, 817-18.  MWE filed a Motion for Summary Judgment that showed that this claim should be dismissed (1) based upon this Court's ruling in the bankruptcy action; and (2) because the Court should exclude the expert testimony of Barbara Wagner.  The Motion is Doc. No. 85; Plaintiff's Opposition is Doc. No. 99; MWE's Reply is Doc. No. 113.  That motion for summary judgment is supported by MWE's motion to exclude Wagner's testimony, which is Doc. No. 84; Plaintiff's Opposition is Doc. No. 92; MWE's Reply is Doc. No. 112.

**III.** **CLAIM 7 – CONDOR GUARANTY**

    Claim 7 asserts that MWE committed legal malpractice by failing to advise Antioch to notify the ESOP Participants and Retirees that Condor may be insolvent.  Doc. No. 77, p. 1836.  MWE moved for summary judgment on that claim on seven separate grounds.  MWE's Motion is Doc. No. 87; Plaintiff's Opposition is Doc. No. 105; MWE's Reply is Doc. No. 115.

**IV.** **CLAIM 2 – POST-TRANSACTION ADVICE**

    Claim 2 asserts that MWE committed malpractice by failing to provide certain advice after the 2003 transaction.  Doc. No. 78, pp. 1842-44.  MWE moved for summary

judgment on the ground that Plaintiff has not pursued the claim.  MWE's Motion is Doc. No. 137; Plaintiff's Opposition is Doc. No. 148; MWE's Reply is Doc. No. 161.

                                          Respectfully submitted,

                                          /s/ Charles J. Faruki
                                          Charles J. Faruki (0010417)
                                              Trial Attorney
                                          Jeffrey S. Sharkey (0067892)
                                          Donald E. Burton (0040553)
                                          FARUKI IRELAND & COX P.L.L.
                                          500 Courthouse Plaza, S.W.
                                          10 North Ludlow Street
                                          Dayton, OH  45402
                                          Telephone:  (937) 227-3705
                                          Telecopier:  (937) 227-3717
                                          Email:  cfaruki@ficlaw.com

                                          Attorneys for Defendant
                                          McDermott Will & Emery LLP

## **CERTIFICATE OF SERVICE**

I certify that on the 19th day of November, 2014, I electronically filed the foregoing Notice of Defendant McDermott Will & Emery LLP Regarding Suggested Sequence for Deciding Pending Motions using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

Thomas R. Schuck
Marcia Voorhis Andrew
Aaron M. Herzig
Christina L. Fischer
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957

Attorneys for Plaintiff
Antioch Litigation Trust

/s/ Jeffrey S. Sharkey
Jeffrey S. Sharkey

898124.1