UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTIOCH LITIGATION TRUST,
W. TIMOTHY MILLER, TRUSTEE,   Case No. 3:09-cv-218

    Plaintiff,   Judge Timothy S. Black

vs.

MCDERMOTT WILL & EMERY LLP,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO LIFT STAY (Doc. 167)**

This civil action is before the Court on Defendant's motion to lift the stay (Doc. 167), and the parties' responsive memoranda (Docs. 168, 169).[1]

### I. BACKGROUND FACTS AND PROCEDURAL POSTURE

On December 2, 2014, this Court stayed this civil action until the Sixth Circuit rules on certification of the adverse domination issue. (*See* 12/2/14 Notation Order). On March 13, 2015, defense counsel moved to lift the stay because: (1) the Sixth Circuit motions panel declined to decide the motion and referred it to the merits panel; (2) numerous motions pending before the Court need to be decided regardless of what happens on appeal; and (3) there is no realistic chance this case will settle regardless of what happens on appeal.

---

[1] Defendant requested a call with the Court to discuss whether the stay should be lifted. (Doc. 167 at 2). The Court finds the pleadings are clear on their face, and that oral argument is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, at *7 (S.D. Ohio July 27, 2006) ("Local Rule 7.1(b)(2) leaves the court with discretion to grant a request for oral argument.").

## II. ANALYSIS

### A. Referral to the Merits Panel

First, Defendant argues that the Sixth Circuit's decision to refer the motion to certify to the merits panel will create considerable additional delay in the matter. However, Defendant fails to cite any authority to substantiate this alleged delay. Moreover, this Court's staff spoke with a staff attorney in the Sixth Circuit who indicated that the referral of a motion to a merits panel should not cause any additional delay.

### B. Pending Motions Not Interrelated

Next, Defendant argues that some of the motions pending before this Court are not related to the issues pending before the Court of Appeals, and, therefore, the Court should decide those motions now. The Court disagrees.

In one of Defendant's motions for summary judgment, Defendant argues that the statute of limitations on the Trust's claims against the director defendants had not expired, and therefore Defendant could not be liable for failing to advise the Company to pursue claims against the directors in a timely manner. In that motion, Defendant asked the Court to reconsider its prior ruling in the *Morgan* case dismissing the Trust's claims against the directors, adopting the Trust's argument that the Supreme Court of Ohio will recognize the doctrine for adverse domination to toll the statute of limitations, if given the opportunity.[2] Defendant claims that a ruling that the statute of limitations did not expire on those claims would dispose of Plaintiff's claim of negligence against Defendant

---

[2] A reversal on the statute of limitations issue will reopen for consideration in the *Morgan* case the issue of whether the directors breached their fiduciary duties to the corporation in the 2003 transaction.

relating to the 2003 transaction. Defendant asks this Court to reconsider its position on the applicability of the adverse domination doctrine because this Court recognized that a reversal on that issue could be determinative of one of the claims against Defendant.

If the Court of Appeals determines that the Trust's claims against its directors as to the 2003 transaction are timely, then the Court will not need to rule on any of Defendant's motions directed to what has been termed Claim 5, failure to advise the Company to act within the statute of limitations. Therefore, four of Defendant's motions for summary judgment (Docs. 117, 133, 127, and 129) and two motions to exclude experts (Docs. 125, 128) would become largely moot.[3]

Defendant also argues that the Court will have to decide its motions related to what has been framed as Claim 6 for malpractice in failing to advise Antioch during the sale process (Docs. 84, 85), regardless of whether Ohio recognizes the doctrine of adverse domination. However, Defendant's motion for summary judgment on Claim 6 is based on this Court's prior ruling in the *Morgan* case excluding the Trust's damages expert.[4] Therefore, the Sixth Circuit's treatment of that issue on appeal will inform this Court's decision on these two motions.

While some of Defendant's pending motions may not be impacted by the Court of Appeals, deferring action until after the Sixth Circuit rules will promote judicial economy and lead to fair and consistent determinations in the two related cases. The Court

---

[3] In Doc. 117, only one of the three grounds would become moot; and in Doc. 133, only two of three grounds would become moot.

[4] A reversal on the decision excluding all evidence as to damages resulting from the 2007-2008 sale process will reopen the issue of whether the directors breached their fiduciary duties during that time period.

3

declines to engage in piecemeal litigation. "A district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *Int'l Bhd. of Elec. Workers, Local Union No. 2020 v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. July 17, 1989).

### C. Settlement

Finally, Defendant maintains that settlement negotiations have revealed that there is no realistic chance that the case will settle and that a ruling of the Sixth Circuit will not enhance the possibility of settlement. The Court finds that such a position is premature.

### III. CONCLUSION

Accordingly, for these reasons, Defendant's motion to lift the stay (Doc. 167) is **DENIED**.

**IT IS SO ORDERED**.

Date: 4/17/15                                                                                  *s/ Timothy S. Black*
                                                                                               Timothy S. Black
                                                                                               United States District Judge