UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, | Case No. 3:09-cv-218 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MCDERMOTT WILL & EMERY, LLP, | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE THE ADDITIONAL OPINION OF DAVE BORDEN (Doc. 91)**

This civil action is before the Court on Defendant McDermott Will & Emery LLP ("MWE")'s motion to exclude the untimely additional opinion of Plaintiff's expert Dave Borden (Doc. 91), and the parties' responsive memoranda (Docs. 103, 114).

### I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

MWE moves for an order excluding any testimony by Plaintiff's damages expert, Dave Borden, regarding a damages calculation that was presented to MWE's counsel on the day of Borden's deposition, after the deadline for disclosure of expert opinions had passed.

The Court's Amended Calendar Order established the following deadlines regarding expert discovery:

> *March 14, 2014:* deadline for expert reports relating to Plaintiff's claim that MWE failed to advise Antioch to timely pursue claims against its directors and financial advisors relating to the 2003 Transaction
>
> *May 30, 2014:* deadline for Defendant to depose Plaintiff's experts and serve its expert reports

*August 18, 2014:*  Expert discovery deadline

On March 14, 2014, Plaintiff produced an expert report from David Borden, which focuses on the damages caused to Antioch by the 2003 ESOP Transaction.

MWE deposed Borden on May 22, 2014.  At the outset of an 8-hour deposition, defense counsel asked Borden whether he had "any changes or corrections to [his] report before we get going?"  (Doc. 91-1 at 7-8).  In response, Plaintiff provided "a supplement" to Borden's initial expert report.  (Doc. 103-2).  The "supplement" is a calculation of the amount Antioch could have recovered in the event that the 2003 Transaction was rescinded.  (Doc. 91-1 at 270).  While Borden provided his underlying facts and opinions in his initial expert report, the calculation was not included.  (*Id.* at 13).[1]

Borden explained that after reading the deposition of Plaintiff's legal expert, Gregory Gehlmann, he felt compelled to provide "a supplement" addressing rescission.  (Doc. 91-1 at 271).  Borden performed his analyses and prepared "the supplement" which was not available until the morning of the deposition.  (*Id.*)  Defense counsel examined Borden with respect to "the supplement" at his deposition.  (*Id.* at 268-269).

---

[1] It is relevant to note that Plaintiff admitted that Borden's Rescission Damages "included some more complicated calculations to remove income tax benefits potentially received by the Company."  (Doc. 151 at 3 n. 2).  Specifically, Borden's analysis demonstrates that certain offsets must be made in calculating the Rescission Damages, and that damages do not equal "the value paid to the conflicted directors and officers in the Transaction."  (*Id.*)  In fact, Plaintiff's expert, Gregory Gehlmann, admitted in his deposition that pursuing a voiding theory would have required consideration of various offsets, including "significant tax consequences," "potential shareholder lawsuits," and a number "of et cetera" related to the ESOP Transaction.  (Doc. 119 at 68-71).  These statements support a finding that computing rescission damages requires complex calculations.

Defense counsel argues that Borden's new "rescission remedy" calculation was not discussed in his original report and therefore it is untimely and must be excluded.

## II. STANDARD OF REVIEW

Rule 26(a)(2) requires that an outside expert's report include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Dayton General Order 12-01 states that "[e]xpert witnesses who are not timely identified or who do not furnish timely and complete reports or disclosures will not be permitted to testify. Neither will experts be permitted to testify to opinions or other matter not disclosed in their reports." (*Id.* at 6, ¶ 5).

## III. ANALYSIS

Plaintiff argues that: (1) "the supplement" is a proper supplementation of Borden's expert report, and was filed nearly three months before the close of expert discovery and therefore is timely; and (2) even if "the supplement" is considered a wholly separate expert report rather than a supplement under Rule 26(e), its untimely production is harmless because it was provided at the start of the deposition (thus giving defense counsel an opportunity to discuss it during the deposition), did not involve new facts or theories of liability, and Plaintiff offered to make Borden available for another limited deposition.

### A. Proper Supplementation

A party must supplement a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). "Any additions or changes to [an expert's report or deposition testimony] must be disclosed." Fed. R. Civ. P. 26(e)(2).

Borden did not initially provide a "rescission remedy." However, after reviewing the deposition transcript of Plaintiff's legal expert, Gregory Gehlmann, Borden "felt compelled" to offer his opinion as to the rescission calculation and prepared the Supplement. (Doc. 91-1 at 229, 270).

Rule 26(e) mandates supplementation of expert reports known to be "incomplete or inaccurate." Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation where "the party learns that in some material respect the disclosure or response is incomplete"). Calling Borden's new opinion a mere "supplement" to his original report is a mischaracterization. "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Seton v. Lear Corp.*, No. 02-71118, 2005 U.S. Dist. LEXIS 8963, at *8-9 (E.D. Mich. May 13, 2005). Here, Borden provided an opinion based on an entirely different theory of recovery than that set forth in his expert report. In his March 14, 2004 report, Borden calculated that in the 2003 ESOP tender offer, The Antioch Company overpaid shareholders by over $36 million when it purchased back shares of the company as part of the plan to make the company 100% ESOP-owned. (Doc. 114-1 at 50). In his

new calculation, Borden presents what he calls a "rescission remedy," valued at approximately $85 million. (Doc. 91-1 at 12, 271).

In *Beller v. United States*, the court rejected the argument that the new opinion was merely a Rule 26(e) "supplement": "[t]his is not a situation where, subsequent to the preparation of the original report, new information was discovered which required that the original report be supplemented because the original opinion was no longer correct." 221 F.R.D. 689, 694-95 (D.N.M. 2003). *Accord: Eiben v. Gorilla Ladder Co.*, No. 11-cv-10298, 2013 U.S. Dist. LEXIS 59961, at *21 (E.D. Mich. Apr. 22, 2013) ("[G]iven that all of the information upon which Morse bases his 'supplementation' was available at the time he prepared his original expert report, Morse's Affidavit cannot be said to 'include information thereafter acquired' or to be a genuine attempt to remedy previously 'incomplete or incorrect' information. Fed. R. Civ. P. 26(e)(1).").

Accordingly, the Court finds that Borden's "rescission remedy" is not a supplementation pursuant to Rule 26(e) and is therefore excluded as untimely.

### B. Harmless

Even if the Court were to consider Borden's supplemental report, its submission at the outset of his deposition is not harmless. Rule 37 authorizes the court to sanction a party for failing to timely provide information pursuant to Rule 26 unless there is a "substantial justification" or the failure was "harmless." Fed. R. Civ. P. 37(c)(1).[2] "The advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves an

---

[2] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*

5

honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir. 2003) (citing *Vance v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. 1999) (unpublished table decision)).

Plaintiff argues that any untimeliness was harmless, because Borden was available for deposition on May 22, 2014.  Moreover, Plaintiff's counsel offered to make Borden available for further deposition on the rescission calculation at a later date so that MWE's experts could examine the new calculation in detail.  (Doc. 91-1 at 267).  Here, the expanded scope of Borden's testimony due to an entirely new opinion on a different theory of recovery is not equivalent to a technical oversight or an honest mistake and therefore is not harmless pursuant to Rule 37(c).

## IV.   CONCLUSION

Accordingly, for these reasons, Defendant's motion to exclude the additional opinion of Dave Borden (Doc. 91) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  7/15/2016  */s/Timothy S. Black*
Timothy S. Black
United States District Judge

6